UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


GRADUAL TAYLOR,

              Plaintiff

       v.                                  C-1-02-446

CHERYL HART, *et al.*,

              Defendants


**ORDER**

      This matter is before the Court upon the Report and Recommendation of the United States Magistrate Judge (doc. no. 24), defendants' objections (doc. no. 25) and plaintiff's objections (doc. no. 28). The Magistrate Judge recommended that defendants' Motion to Dismiss (doc. no. 15) should be granted in part with respect to plaintiff's claims against the "City of Cincinnati Police" (and construed as against the City of Cincinnati) and that all claims against the "City of Cincinnati Police" and the City of Cincinnati should be dismissed. Defendants' Motion to Dismiss (doc. no. 15) should be denied in part with respect to plaintiff's claims against defendant Cheryl Hart for malicious prosecution in violation of his rights under the Fourth Amendment.

      The parties object to the Judge's Report and Recommendation on the grounds that his findings are contrary to law.

2

Upon a ***de novo*** review of the record, in light of plaintiff's objections, the Court finds that plaintiff's objections have either been adequately addressed and properly disposed of by the Judge or present no particularized arguments that warrant specific responses by this Court.  The Court finds that the Magistrate Judge has accurately set forth the controlling principles of law and properly applied them to the particular facts of this case and agrees with the Judge.  The Court notes that plaintiff's videotape of "Cops" cannot be considered lawful evidence in this case.

The defendant, Cheryl Hart, objects to the Magistrate Judge's Report and Recommendation insofar as it preserves a claim for malicious prosecution under 42 U.S.C. § 1983 and denies her the benefit of a qualified immunity defense.

Upon ***de novo*** review of the record in light of the defendant's objections, the Court will adopt the Report and Recommendation.

It was clearly established on February 21, 2000, the date of plaintiff's arrest and the beginning of his prosecution, that a reasonable police officer would know that fabricating probable cause thereby effectuating an arrest and instituting a prosecution would violate a suspect's clearly established Fourth Amendment right to be free from unreasonable seizures. See, ***e.g. U.S. CONST. AMEND IV; Gerstein v. Pugh***, 420 U.S. 103, 114, 95 S.Ct. 854 (1975), ***Albright v. Oliver***, 510 U.S. 266 at 279, 114 S.Ct. 807 (Ginsburg, J., concurring) (1994).  Similarly, a reasonable police officer would be on notice that unlawfully detaining a suspect despite the fact that the evidence used to detain that individual was fabricated, would also be unlawful.  ***Spurlack v. Satterfield***, 167 F.3d 995, 1006 (6th Cir. 1999).  Thus,

3

Cheryl Hart, is not entitled to qualified immunity because the allegations of the plaintiff in the record, if proven, would establish that his arrest and prosecution were without probable cause. Plaintiff alleged in his Complaint that a policeman said:

> "This is what you get for messing with the police, we have everything on tape." He further alleged I said, "Good. Play it back and you will see that you are making a mistake." I realized they thought it was me videotaping their 'sting'. My Global Positioning Unit has a screen that glows amber . . . I told her my situation with my mother and about the mistake with the GPS Unit being confused for a video camera and for her to please listen to the tape.

In plaintiff's "Against Motion to Dismiss" (doc. no. 16), plaintiff clarifies his allegations.

> He states that after he was approached by the officer, "I explained exactly what I was doing . . . . I was operating a Global Positioning Unit minding my own business. When asked, I went out of my way to show them what I was doing. I had nothing to hide. I let them see the unit. . . . I was legally parked. . . . Mrs. Hart's partner arrested me and said we have everything on tape."

In his response to the Court's Order to Show Cause (doc. no. 11), plaintiff states that he requested the tape in discovery but it was never produced. Plaintiff claims that this tape will prove him innocent. The tape was not introduced into evidence or made available to the defendant or the Court.

The factual allegations of plaintiff, which must be accepted as true at this time support the Magistrate Judge's conclusion that this defendant did not have probable cause to arrest and detain this plaintiff; therefore, the Judge's conclusion that, under the present state of the

4

record, defendant is not entitled to the dismissal of plaintiff's Fourth Amendment Claim for damages resulting from being arrested and maliciously prosecuted without probable cause.

Accordingly, as explained the Court hereby **ADOPTS AND INCORPORATES HEREIN BY REFERENCE** the Report and Recommendation of the United States Magistrate Judge (doc. no. 24) . Defendants' Motion to Dismiss (doc. no. 15) is **GRANTED IN PART** with respect to plaintiff's claims against the "City of Cincinnati Police" (and construed as against the City of Cincinnati). Defendants' Motion to Dismiss (doc. no. 15) is **DENIED IN PART** with respect to plaintiff's claims against defendant Cheryl Hart for violation of his rights under the Fourth Amendment. Defendant is granted thirty (30) days from the date of this Order to respond to Plaintiff's allegations.

5

This matter is **RECOMMITTED** to the United States Magistrate Judge for further

proceedings according to law.

**IT IS SO ORDERED.**


                                        s/Herman J. Weber
                              Herman J. Weber, Senior Judge
                                 United States District Court



J:\DOCUMENT\PRISONER\02-446.WPD