

Richard Ganulin (0025642-C)
Assistant City Solicitor

04 MAR 26 PM 3:54

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GRADUAL TAYLOR, | : | CASE NO. C-1-02-446 |
| Plaintiff, | : | Judge Weber |
| vs. | : | |
| CHERYL HART, et al. | : | **NOTICE OF APPEAL** |
| Defendants. | : | |

Notice is given that Defendant Cheryl Hart appeals to the United States Court of Appeals for the Sixth Circuit from the Order of the United States District Court for the Southern District of Ohio Denying the Defendants' Motion to Dismiss and Adopting the Report of the Magistrate, dated June 5, 2003, (Docket No. 24) entered in this case on March 10, 2004 (Docket No. 29) and attached to this Notice.

Respectfully submitted,

**JULIA L. McNEIL (0043535)**
City Solicitor

*Richard Ganulin*
**RICHARD GANULIN (0025642-C)**
Assistant City Solicitor
Room 214, City Hall
801 Plum Street
Cincinnati, Ohio 45202
(513) 352-3329
Fax: (513) 352-1515
E-Mail: richard.ganulin @cincinnati-oh.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2004, I filed the foregoing with the Clerk of the Court and I hereby certify that I have mailed by United States Postal Service the document to the following Pro Se Plaintiff: Gradual Taylor, at 874 North Bend Road, Cincinnati, Ohio 45224.

                                                Richard Ganulin (0025642-C)
                                                Assistant City Solicitor

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GRADUAL TAYLOR,

        Plaintiff

v.                                                                         C-1-02-446

CHERYL HART, *et al.*,

        Defendants

## **ORDER**

This matter is before the Court upon the Report and Recommendation of the United States Magistrate Judge (doc. no. 24), defendants' objections (doc. no. 25) and plaintiff's objections (doc. no. 28). The Magistrate Judge recommended that defendants' Motion to Dismiss (doc. no. 15) should be granted in part with respect to plaintiff's claims against the "City of Cincinnati Police" (and construed as against the City of Cincinnati) and that all claims against the "City of Cincinnati Police" and the City of Cincinnati should be dismissed. Defendants' Motion to Dismiss (doc. no. 15) should be denied in part with respect to plaintiff's claims against defendant Cheryl Hart for malicious prosecution in violation of his rights under the Fourth Amendment.

The parties object to the Judge's Report and Recommendation on the grounds that his findings are contrary to law.

2

Upon a *de novo* review of the record, in light of plaintiff's objections, the Court finds that plaintiff's objections have either been adequately addressed and properly disposed of by the Judge or present no particularized arguments that warrant specific responses by this Court. The Court finds that the Magistrate Judge has accurately set forth the controlling principles of law and properly applied them to the particular facts of this case and agrees with the Judge. The Court notes that plaintiff's videotape of "Cops" cannot be considered lawful evidence in this case.

The defendant, Cheryl Hart, objects to the Magistrate Judge's Report and Recommendation insofar as it preserves a claim for malicious prosecution under 42 U.S.C. § 1983 and denies her the benefit of a qualified immunity defense.

Upon *de novo* review of the record in light of the defendant's objections, the Court will adopt the Report and Recommendation.

It was clearly established on February 21, 2000, the date of plaintiff's arrest and the beginning of his prosecution, that a reasonable police officer would know that fabricating probable cause thereby effectuating an arrest and instituting a prosecution would violate a suspect's clearly established Fourth Amendment right to be free from unreasonable seizures. See, *e.g. U.S. CONST. AMEND IV; Gerstein v. Pugh*, 420 U.S. 103, 114, 95 S.Ct. 854 (1975), *Albright v. Oliver*, 510 U.S. 266 at 279, 114 S.Ct. 807 (Ginsburg, J., concurring) (1994). Similarly, a reasonable police officer would be on notice that unlawfully detaining a suspect despite the fact that the evidence used to detain that individual was fabricated, would also be unlawful. *Spurlack v. Satterfield*, 167 F.3d 995, 1006 (6th Cir. 1999). Thus,

3

Cheryl Hart, is not entitled to qualified immunity because the allegations of the plaintiff in the record, if proven, would establish that his arrest and prosecution were without probable cause. Plaintiff alleged in his Complaint that a policeman said:

> "This is what you get for messing with the police, we have everything on tape." He further alleged I said, "Good. Play it back and you will see that you are making a mistake." I realized they thought it was me videotaping their 'sting'. My Global Positioning Unit has a screen that glows amber . . . I told her my situation with my mother and about the mistake with the GPS Unit being confused for a video camera and for her to please listen to the tape.

In plaintiff's "Against Motion to Dismiss" (doc. no. 16), plaintiff clarifies his allegations.

> He states that after he was approached by the officer, "I explained exactly what I was doing . . . . I was operating a Global Positioning Unit minding my own business. When asked, I went out of my way to show them what I was doing. I had nothing to hide. I let them see the unit. . . . I was legally parked. . . . Mrs. Hart's partner arrested me and said we have everything on tape."

In his response to the Court's Order to Show Cause (doc. no. 11), plaintiff states that he requested the tape in discovery but it was never produced. Plaintiff claims that this tape will prove him innocent. The tape was not introduced into evidence or made available to the defendant or the Court.

The factual allegations of plaintiff, which must be accepted as true at this time support the Magistrate Judge's conclusion that this defendant did not have probable cause to arrest and detain this plaintiff; therefore, the Judge's conclusion that, under the present state of the

4

record, defendant is not entitled to the dismissal of plaintiff's Fourth Amendment Claim for damages resulting from being arrested and maliciously prosecuted without probable cause.

Accordingly, as explained the Court hereby **ADOPTS AND INCORPORATES HEREIN BY REFERENCE** the Report and Recommendation of the United States Magistrate Judge (doc. no. 24). Defendants' Motion to Dismiss (doc. no. 15) is **GRANTED IN PART** with respect to plaintiff's claims against the "City of Cincinnati Police" (and construed as against the City of Cincinnati). Defendants' Motion to Dismiss (doc. no. 15) is **DENIED IN PART** with respect to plaintiff's claims against defendant Cheryl Hart for violation of his rights under the Fourth Amendment. Defendant is granted thirty (30) days from the date of this Order to respond to Plaintiff's allegations.

5

This matter is **RECOMMITTED** to the United States Magistrate Judge for further proceedings according to law.

**IT IS SO ORDERED.**

s/Herman J. Weber
Herman J. Weber, Senior Judge
United States District Court

J:\DOCUMENT\PRISONER\02-446.WPD

UNITED STATES DISTRICT COURT
Southern District of Ohio
Western Division

03 JUN -5 PM 12:35

GRADUAL TAYLOR,

    Plaintiff,

vs.

    No. C-1-02-446
    (Weber, J.; Sherman, M.J.)

CHERYL HART, P767, et al.,

    Defendants.

## REPORT AND RECOMMENDATION[1] THAT DEFENDANTS' MOTION TO DISMISS (Doc. 15) BE GRANTED IN PART AND DENIED IN PART

Plaintiff brings this action pro se alleging malicious prosecution in violation of his civil rights under 42 U.S.C. § 1983. Defendants are Cheryl Hart, a police officer, and the "City of Cincinnati Police." This matter is before the Court upon defendants' motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 15).[2]

### DISCUSSION

In his complaint, plaintiff alleges that, on February 21, 2000, "Officer Hart purposefully filed a malicious and false police report, that resulted in my being arrested for

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] The present motion to dismiss was included with defendants' Objections to a previous Report and Recommendation addressing a motion to dismiss on statute of limitations grounds. The matter has been recommitted to the undersigned for consideration of the motion to dismiss under Fed. R. Civ. P. 12(b)(6). (*See* Doc. 16).

24

loitering to engage in solicitation." (Doc. 2, p. 5). Plaintiff claims that as a result he suffered "financially and healthwise." (*Id.* at 6). The criminal charges against plaintiff were dismissed on June 15, 2000.[3]

Defendants contend that plaintiff has failed to state a claim for which relief can be granted against either the City of Cincinnati or defendant Hart. They argue first that plaintiff has not alleged sufficient facts to show municipal liability; second, that there is no justiciable cause of action for malicious prosecution under 42 U.S.C. § 1983; and third, that defendant Hart is entitled to qualified immunity. In his response,[4] plaintiff reasserts that the police officers lacked probable cause to believe that he was committing or that he had just committed a crime. (Doc. 16). He maintains, moreover, that the allegations in the criminal complaint on which defendants seek to rely were untrue and that the police wrote a false report to justify what they were doing. (*Id.*)

A. **Standard of Review**

In a motion to dismiss, the Court determines whether the plaintiff has alleged facts

---

[3]*See State of Ohio v. Gradual Taylor*, No. /00/CRB/6706, available at http://www.courtclerk.org/aps/ttl/lns/smcpb026.asp?/00/CRB/6706. The Court may take judicial notice of items in the public record when deciding a motion to dismiss. *Papasan v. Allain*, 478 U.S. 265, 268 n.1, (1986); *see also Lyons v. Stovall*, 188 F.3d 327, 333 n.3 (6th Cir. 1999), *cert. denied*, 530 U.S. 1203 (2000) (federal courts may take judicial notice of proceedings in other courts of record). Moreover, the Court may consider public records when deciding a motion to dismiss without converting the motion to one for summary judgment. *Kostrzewa v. City of Troy*, 247 F.3d 633, 644 (6th Cir. 2001); *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997).

[4]Plaintiff's response to the motion to dismiss for failure to state a claim and qualified immunity was included in his objections to the prior Report and Recommendation. (Doc. 16).

2

sufficient to state a claim. *Vemco, Inc. v. Camardella,* 23 F.3d 129, 132 (6th Cir.), *cert. denied,* 513 U.S. 1017 (1994). A motion to dismiss on the ground of qualified immunity will be granted if the complaint fails to allege the violation of a clearly established constitutional right. *Hardy v. Jefferson Community Coll.,* 260 F.3d 671, 677 (6th Cir. 2001), *cert. denied sub nom. Besser v. Hardy,* 535 U.S. 970 (2002). The factual allegations in the complaint must be taken as true and construed in a light most favorable to the plaintiff. *See Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995). Because plaintiff brings this case pro se, the Court liberally construes his allegations in his favor. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Williams v. Browman,* 981 F.2d 901, 903 (6th Cir. 1992). "A pro se plaintiff's complaint is held to an especially liberal standard, and should only be dismissed for failure to state a claim if it appears 'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Herron v. Harrison,* 203 F.3d 410, 414 (6th Cir. 2000) (quoting in part *Estelle,* 429 U.S. at 106).

## B. Municipal Liability

As their first ground, defendants argue that plaintiff has not alleged sufficient facts to show municipal liability on the part of the City of Cincinnati or the "City of Cincinnati Police." Although plaintiff names the "City of Cincinnati Police" as a defendant, the Cincinnati Police Department is not a proper defendant in this action. *See Brandon v. Holt,* 469 U.S. 464, 472 (1985). Municipal departments hold no status independent of the municipality itself and therefore cannot be held separately liable for § 1983 damages. *Id.* However, because plaintiff is proceeding pro se, his error may be overlooked and his

3

complaint may be construed as one brought against the City of Cincinnati.

To successfully plead a claim against a municipal entity, a plaintiff must (i) identify a municipal policy or custom; (ii) connect that policy or custom to the municipality; and (iii) show that execution of that policy or custom caused the particular injury. *See Monell v. Department of Soc. Servs.,* 436 U.S. 658, 690 (1978); *Garner v. Memphis Police Dep't,* 8 F.3d 358, 364 (6th Cir. 1993). A municipality cannot be held liable for the actions of its employees under the theory of *respondeat superior*. *Monell,* 436 U.S. at 690; *see also Pembaur v. City of Cincinnati,* 475 U.S. 469, 480-83 (1986) (plurality opinion); *Stemler v. City of Florence,* 126 F.3d 856, 865 (6th Cir. 1997), *cert. denied,* 526 U.S. 1118 (1998).

Plaintiff has failed to allege any official custom or policy by the City of Cincinnati or the "City of Cincinnati Police." Accordingly, it is recommended that the motion to dismiss should be granted as to plaintiff's claims against the City of Cincinnati and the "City of Cincinnati Police."

## C. Malicious Prosecution Under 42 U.S.C. § 1983

Defendants also seek dismissal of the complaint on the ground that there is no justiciable cause of action for malicious prosecution under 42 U.S.C. § 1983. Their argument lacks merit.

Contrary to defendants' assertion, the Sixth Circuit has determined that the right to be free from malicious prosecution is a right that is clearly established and that a § 1983 malicious prosecution claim may be asserted under the Fourth Amendment. *Spurlock v. Satterfield,* 167 F.3d 995, 1006 & n.19 (6th Cir. 1999). Although defendants seek to rely on

4

a subsequent decision holding that there can be no malicious prosecution separate from other Fourth Amendment claims, *see Frantz v. Village of Bradford,* 245 F.3d 869 (6th Cir. 2001), the *Spurlock* decision is still binding. *Darrah v. City of Oak Park,* 255 F.3d 301, 310 (6th Cir. 2001); *see also Thacker v. City of Columbus,* 328 F. 3d 244, 258-59 (6th Cir. 2003) (recognizing a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment).

Accordingly, defendants' motion to dismiss on the ground that there is no cause of action for malicious prosecution under § 1983 should be denied.

**D. Qualified Immunity**

Defendants further contend that the claim against defendant Hart should be dismissed on the ground that the police officer is entitled to qualified immunity. To determine whether the defense of qualified immunity attaches, the Court must determine first whether, in a light most favorable to plaintiff, the facts alleged against the police officer are sufficient to make out a violation of the Constitution. *See Greene v. Barber,* 310 F.3d 889, 894 (6th Cir. 2002) (citing *Saucier v. Katz,* 533 U.S. 194, 201 (2001)).

Under the first part of the qualified immunity analysis, the Court must determine whether, under plaintiff's version of the facts, his arrest and prosecution for loitering to engage in solicitation constitute a violation of his constitutional rights. Because the right to be free from malicious prosecution is derived from the Fourth Amendment, plaintiff must allege facts showing that the police officer lacked probable cause to file the police report that resulted in his prosecution. *See Thacker,* 328 F.3d at 259; *Darrah,* 255 F.3d at 312; *see also*

*Kinzer v. Jackson,* 316 F.3d 139, 143 (2d Cir. 2003); *Hinchman v. Moore,* 312 F.3d 198, 202 (6th Cir. 2002). Probable cause to arrest and prosecute is based on the "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person ... in believing ... that the suspect has committed, is committing, or is about to commit an offense." *Hinchman,* 312 F.3d at 206 (citing *Criss v. City of Kent,* 867 F.2d 259, 262 (6th Cir. 1988)). *See also Beachwood v. Sims,* 98 Ohio App. 3d 9, 15, 647 N.E.2d 821, 824 (1994) (quoting *Beck v. Ohio,* 379 U.S. 89, 91 (1964)).

Plaintiff was arrested and charged with loitering to engage in solicitation in violation of Ohio Rev. Code Ann. § 2907.24.1(A). The criminal statute provides in part as follows:

> (A) No person, with purpose to solicit another to engage in sexual activity for hire and while in or near a public place, shall do any of the following:
>
> (1) Beckon to, stop, or attempt to stop another;
>
> (2) Engage or attempt to engage another in conversation;
>
> (3) Stop or attempt to stop the operator of a vehicle or approach a stationary vehicle;
>
> (4) If the offender is the operator of or a passenger in a vehicle, stop, attempt to stop, beckon to, attempt to beckon to, or entice another to approach or enter the vehicle of which the offender is the operator or in which the offender is the passenger;
>
> (5) Interfere with the free passage of another.

Ohio Rev. Code Ann. § 2907.24.1(A).

In the police report, defendant Hart alleged as follows:

> [She] was in plain clothes and Mr. Taylor drove up to her and stated, "Get in," after circling three times. He then stated[,] "I think you're the police" and

6

circled two more times waving at her. He then sat across from [her] "watching her operation."

(*See* Doc. 16).

Plaintiff denies the allegations in the complaint. He states that, when he was approached by the officer, he was legally parked and that he was attempting to make a complicated adjustment to his Global Positioning unit, "one that is recommended that you don't do while driving." (Doc. 16).

Under the standard for probable cause, the facts as related by plaintiff (which the Court must accept as true for purposes of a motion to dismiss) do not establish probable cause to arrest and prosecute him for the crime of loitering to engage in solicitation. Loitering itself is a constitutionally protected act. *See City of Cleveland v. Howard,* 40 Ohio Misc. 2d 7, 11, 532 N.E.2d 1325, 1330 (1987). An arrest and conviction under the loitering statute require an illegal purpose, for example, "to solicit another to engage in sexual activity for hire." *See* Ohio Rev. Code Ann. § 2907.24.1(A). "An arrest can only be justified if the illegal purpose is manifest by overt, physical acts." *City of Cleveland,* 40 Ohio Misc. 2d at 10, 532 N.E.2d at 1329 (construing a city ordinance for loitering). The facts as alleged by plaintiff include no overt, physical act that manifests an intent to solicit another to engage in sexual activity for hire.

Moreover, as previously noted, plaintiff alleges that "Officer Hart purposefully filed a malicious and false police report." "Falsifying facts to establish probable cause to arrest and prosecute an innocent person is of course patently unconstitutional and has been so long before

7

the defendants arrested [plaintiff]." *Hinchman*, 312 F.3d at 206 (citing *Hill v. McIntyre*, 884 F.2d 271, 275 (6th Cir. 1989)). When viewed in a light favorable to plaintiff, the facts are sufficient to make out a violation of his Fourth Amendment rights.

Under the second part of the qualified immunity analysis, the Court must determine whether, in light of the specific context of the case, plaintiff's right not to be subjected to the officer's conduct was clearly established. *See Saucier*, 533 U.S. at 201. If a prudent individual could believe that reasonable cause existed to arrest and prosecute plaintiff with loitering to engage in solicitation, the officer is entitled to qualified immunity regardless of whether probable cause existed. *See Malley v. Briggs*, 475 U.S. 335, 344-45 (1986). The officer might correctly have perceived all of the relevant facts but had a mistaken understanding as to whether her response to those facts was legal in those circumstances. *See Saucier*, 533 U.S. at 205. If the officer's mistake as to what the law requires is reasonable, the officer is entitled to the immunity defense. *Id.*

Assuming plaintiff's version of the facts is true, defendant Hart's actions were not reasonable. The law is clearly established such that the officer should have known that she lacked probable cause to arrest plaintiff on the loitering charge and that falsifying a report is "patently unconstitutional." Thus, defendant Hart is not entitled to qualified immunity and defendants' motion to dismiss on the ground of qualified immunity should be denied.

### E. Elements of a § 1983 Malicious Prosecution Claim

Next, the Court must determine whether plaintiff has alleged sufficient facts to show all the material elements of his § 1983 malicious prosecution claim. *See Scheid v. Fanny*

8

*Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988)

The Sixth Circuit has not resolved the elements of a federal malicious prosecution claim. *See Thacker,* 328 F.3d at 259. The courts which have done so agree that it is "properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort." *E.g., Lambert v. Williams,* 223 F.3d 257, 261 (4th Cir. 2000) (citing cases from the First, Second, Tenth, and Eleventh Circuit courts), *cert. denied,* 531 U.S. 1130 (2001); *see also Murphy v. Lynn,* 118 F.3d 938, 943 (2d Cir. 1997) (the plaintiff must prove a Fourth Amendment violation in addition to the elements of the common law tort of malicious prosecution), *cert. denied,* 522 U.S. 115 (1998). *But see Gordy v. Burns,* 294 F.3d 722, 726 (5th Cir. 2002) (the plaintiff need allege only the common law elements as determined by state law).

In order to state a claim for malicious criminal prosecution in Ohio, three essential elements must be alleged: (1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the accused. *Read v. City of Fairview Park,* 146 Ohio App. 3d 15, 18, 764 N.E.2d 1079, 1081 (2001) (citing *Trussell v. General Motors Corp.,* 53 Ohio St. 3d 142, 559 N.E.2d 732 (1990) (syllabus)). The Ohio Supreme Court has defined the element of "malice" for the purposes of the tort of malicious prosecution as "an improper purpose, or any purpose other than the legitimate interest of bringing an offender to justice." *Criss v. Springfield Township,* 56 Ohio St. 3d 82, 85, 564 N.E.2d 440, 443 (1990).

Plaintiff provides the following account of his arrest:

9

> [A]fter the police read me my rights, I was put in a car & a tall undercover policeman said[,] "This is what you get for messing with the police, we have everything on tape." [...] I was taken around a building & held in a police car. While there, I could hear on the police radio that there were many policemen, who were all confused about what was going on. I heard them talking about a news crew that was filming them & they were upset about it. Then I realized that they thought it was me videotaping their "sting." My Global Positioning Unit [(GPS unit)] has a screen that glows amber. They thought it was a video camera. A blonde policewoman, who appeared to be in charge, talked to me while I was being held and I told her my situation ... and about the mistake with the GPS unit being confused for a video camera, and for her to please listen to the tape. She said she would but then, after a long time, I was taken to jail anyway.

(Doc. 2, Complaint).

When viewed in a light favorable to the plaintiff, the facts are sufficient to make out a § 1983 malicious prosecution claim against the police officer. First, plaintiff has alleged facts showing an improper purpose, that is, to prevent him from watching (and videotaping) her undercover operation, rather than "the legitimate interest of bringing an offender to justice." Second, he has alleged a constitutional violation, that is, that the facts presented in the police report were false and that the officer lacked probable cause to arrest him. Third, he has alleged that the criminal proceeding was terminated in his favor.

Contrary to defendants assertions, it does not appear "beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Herron*, 203 F.3d at 414. Accordingly it is recommended that defendants motion to dismiss for failure to state a claim for which relief could be granted should be denied.

## IT IS THEREFORE RECOMMENDED THAT:

Defendants' Motion to Dismiss (Doc. 15) should be **GRANTED IN PART** with

10

respect to Plaintiff's claims against the "City of Cincinnati Police" (and as construed as against the City of Cincinnati) and that all claims against the "City of Cincinnati Police" and the City of Cincinnati should be **DISMISSED**. Defendants' Motion to Dismiss (Doc. 15) should be **DENIED IN PART** with respect to Plaintiff's claims against Defendant Cheryl Hart for malicious prosecution in violation of his rights under the Fourth Amendment.

                                             */s/ Jack Sherman, Jr.*
                                             Jack Sherman, Jr.
                                             United States Magistrate Judge

UNITED STATES DISTRICT COURT
Southern District Of Ohio
Western Division

GRADUAL TAYLOR,

    Plaintiff,

vs.                                                No. C-1-02-446
                                                 (Weber, J.; Sherman, M.J.)

CHERYL HART, P767, et al.,

    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after being served with a copy thereof. That period may be extended by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).