UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GRADUAL TAYLOR, | : | Case No. 1:02-cv-446 |
| Plaintiff, | : | Weber, J. |
| | : | Black, M.J. |
| vs. | : | |
| CHERYL HART, | : | |
| Defendant. | : | **ORDER** |

This is a civil rights action in which *pro se* plaintiff Gradual Taylor seeks, *inter alia*, damages for an alleged unlawful arrest and prosecution without probable cause. The case is before the Court on a motion by plaintiff for an order limiting the scope of discovery by counsel for defendant Cheryl Hart. (Doc. 38.) Specifically, plaintiff asks the Court to place a limit on questioning by defendant's counsel about plaintiff's friends and business associates and about prior criminal cases against plaintiff which have been expunged. Counsel for defendant has filed a memorandum responding to the motion. (Doc. 40.)

In support of his motion, plaintiff argues that disclosure of information about the prior charges is protected by Ohio's expungement laws. He further argues that limits on discovery are necessary to protect him from undue embarrassment.

Defendant, by counsel, argues that the fact of plaintiff's arrest on the charges in question is a matter of public record; that she is allowed access under state law to records necessary to defend herself; and that, in any event, plaintiff has put the propriety of his

arrest on the charges into issue.

The Court construes the motion of plaintiff to be one for a protective order under Fed. R. Civ. P. 26(c).

Rule 26 provides in pertinent part as follows:

> Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

Fed. R. Civ. P. 26(c).

Plaintiff's motion is not well taken.

First, the motion is not accompanied by a certification that he has in good faith conferred or attempted to confer with defendant's counsel in an effort to resolve this dispute without court action. *See* Fed. R. Civ. P. 26(c); *see also* S.D. Ohio Civ. R. 37.2.

Second, contrary to plaintiff's assertions, Ohio expungement laws do not prohibit the release of information to defendant. State law specifically provides that "[i]nspection of the sealed records included in the order may be made . . . [b]y a law enforcement officer who was involved in the case, for use in the officer's defense of a civil action arising out of the officer's involvement in that case." Ohio Rev. Code Ann. § 2953.32(D)(4). *See In re T.F.K.*, 136 Ohio Misc. 2d 9, 13, 845 N.E.2d 591, 594 (Ohio Ct. Com. Pl. 2005) ("[T]he Ohio expungement statute does not preclude inspection of sealed records by certain law enforcement personnel.") (citing Ohio Rev. Code Ann.

§ 2953.32(D)).

On the other hand, plaintiff has articulated a particular and specific concern for the potential embarrassment that may result from publicizing, unnecessarily, the fact of his prior arrest. *See Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550 (6th Cir. 2004). Counsel for defendant, however, has offered his assurances that defendant Hart "has no need or desire to unnecessarily ostracize the plaintiff and will work with the plaintiff and the Court to protect plaintiff without unduly prejudicing her ability to defend the claims against her." (Doc. 40.)

Accordingly, plaintiff has not shown good cause for a protective order under Fed. R. Civ. P. 26(c) at this time.

Therefore, **IT IS HEREBY ORDERED THAT** the motion to limit discovery (Doc. 38) is **DENIED**.

**IT IS SO ORDERED.**

Date:   6/26/06                                             s/Timothy S. Black
                                                            Timothy S. Black
                                                            United States Magistrate Judge