UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **GRADUAL TAYLOR** | : | **Case No. C-1-02-446** |
| **Plaintiff,** | : | **(Judge Weber)** |
| **v.** | : | **AFFIDAVIT OF SONYA M. WALKER** |
| **CHERYL HART, et al.** | : | |
| **Defendants.** | : | |

Now comes Affiant, Sonya M. Walker, being first duly sworn, deposes and states as follows:

1.  My name is Sonya M. Walker. I am employed as a Paralegal for the City of Cincinnati Department of Law and have been since June 1999.

2.  I have been employed by the City of Cincinnati since 1990.

3.  On February 15, 2006, I mailed via certified and regular US Mail the Defendant's First Set of Interrogatories and Request for Production of Documents to Plaintiff at mail location 82383 Carroll Avenue, Cincinnati, Ohio 45231. The certificate receipt was delivered, signed and dated on February 16, 2006 (attached).

4.  On March 27, 2006, a follow-up letter was mailed via certified and US regular mail to Mr. Taylor informing him that his response was now past due. The certificate receipt was delivered, signed and dated on March 28, 2006 (attached).

5.  On June 27, 2006, a second follow-up letter was submitted to Mr. Taylor via certified mail and regular US Mail, informing him that his response was seriously past due, and that he had 10 days or before July 7, 2006 to respond. Also, attached was a copy of the Order from Magistrate Timothy Black denying Mr. Taylor's request for protective order. The certificate receipt was delivered, signed and dated on June 29, 2006 (attached).

Further Affiant sayeth naught.

_Sonya M. Walker_
Sonya M. Walker

Sworn to and subscribed in my presence on this  3rd  day of August, 2006.

_____
Notary Public

TRINA PORTER
Notary Public, State of Ohio
My Commission Expires 05-13-09



**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):

1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

Is your RETURN ADDRESS completed on the reverse side?

Thank you for using Return Receipt Service.

3. Article Addressed to:

GRADUAL TAYLOR
82383 CARROL AVENUE
CINCINNATI OH 45231

4a. Article Number
7003 2260 0004 8680 9869

4b. Service Type
☐ Registered    ☒ Certified
☐ Express Mail    ☐ Insured
☐ Return Receipt for Merchandise    ☐ COD

7. Date of Delivery
2-16-06

5. Received By: (Print Name)

8. Addressee's Address (Only if requested and fee is paid)

6. Signature: (Addressee or Agent)
X

PS Form **3811**, December 1994          102595-97-B-0179          Domestic Return Receipt

---

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Reciept Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | ¢ |

Postmark Here

7003 2260 0004 8680 9869

Sent To    GRADUAL TAYLOR
Street, Apt. l    82383 CARROL AVENUE
or PO Box N    CINCINNATI OH 45231
City, State, Z

PS Form 380                    ons

# City of Cincinnati



Office of City Solicitor

Room 214, City Hall
801 Plum Street
Cincinnati, Ohio 45202
Phone (513) 352-3334
FAX (513) 352-1515

J. Rita McNeil
*City Solicitor*

**SENT VIA CERTIFIED MAIL**

February 15, 2006

Gradual Taylor
82383 Carrol Avenue
Cincinnati OH 45231

**RE:    Gradual Taylor v. Cheryl Hart**
**Case No. C-1-02-446**

Dear Mr. Taylor:

Enclosed is the <u>Defendant's First Set of Interrogatories and Request for Production of Documents to Plaintiff.</u>  Also, I have enclosed a copy of the disc that includes the Interrogatories Pursuant to Rule 33 of the Ohio Civil Procedure.

If you have any questions, please give us a call.

Sincerely yours,

Sonya M. Walker
Paralegal

cc:    Richard Ganulin

Attachment

Equal Opportunity Employer

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **GRADAUL TAYLOR** | : | **Case No. C-1-02-446** |
| **Plaintiff,** | : | **(Judge Weber)** |
| | : | |
| **CHERYL HART** | : | **DEFENDANT'S FIRST SET OF** |
| | | **INTERROGATORIES AND** |
| **Defendant.** | : | **REQUEST FOR PRODUCTION** |
| | | **OF DOCUMENTS TO PLAINTIFF** |
| | : | |

The Defendant serves these interrogatories and request for production of documents on Plaintiff pursuant to Rules 33 and 34 Federal Rules of Civil Procedures to be answered fully and separately in writing and under oath with copies of answers to be served on counsel for the defendants within thirty (30) days.

## DIRECTIONS FOR ANSWERING

1.     Where an Interrogatory calls for an answer in more than one part, the parts should be separated in the answer so that they are clearly understandable.

2.     You are reminded that all answers must be made separately and fully and that an incomplete or evasive answer is a failure to answer.

3.     You are under a continuing duty seasonably to supplement your response with respect to any Interrogatory or Request for Production of Documents if you obtain additional information called for by he Interrogatory or Request for Production between the time of the original response and e time set for trial or if you must correct any response which you know or later learn is incorrect.

## DEFINITIONS

1.      The words "you", "your" or "Plaintiff" as used herein refers to **Gradual Taylor** and his representatives and all persons acting or purporting to act on his behalf for any purpose whatsoever.

2.      The words "person" or "persons" mean all natural persons, proprietorships, corporations, partnerships, trusts, joint ventures, groups, associations, organizations, companies, estates, trusts, public agencies, departments, bureaus, boards, or other business entities or enterprises of any kind or nature, including predecessors and successors.   The use of the singular shall be deemed to include the plural and the use of one gender shall include the other, as appropriate in the context of the Interrogatory or Request for Production.

3.      "City" means and includes Defendant City of Cincinnati and its employees, council members, agents and representatives.

4.      "Occurrence" and "incident" mean each and every fact, circumstances and/or event relating to the event or events alleged in the Complaint file in this action.

5.      "Document" means photo static, recorded or otherwise reproduced communication or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any combination thereof.   This definition includes copies of duplicates of documents contemporaneously or subsequently created which have any non-conforming notes or other markings.   Without limiting the generality of the foregoing, "document" includes but is not limited to, all correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, projections, estimates, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, reports and/or summaries of investigations, opinions or reports of consultants, opinions or reports of accountants, other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings or other communications of any kind, including inter- and intra-office communications, questionnaires, and surveys, charts, graphs, photographs, phonograph recordings, films, tapes, discs, data cells, drums, printouts, all other data compilations from which information can be obtained (translated if necessary by plaintiffs through detection devices into usable form), any preliminary versions, drafts of revisions or any of the foregoing and other writings or documents of what ever description or kind, whether produced or authored by plaintiff or anyone else, including non-identical copies of any of the foregoing.

6.      The words "identify" and "identity" when used with respect to an individual, means to state the full name, present and last known address of each such person, the present or last known position and business affiliation of each such person, each such person's present position and/or business affiliations.   When used with respect

to a corporation, the words "identify" and "identity" means to state the corporation's full name, date and state of incorporation, and the address of its principal place of business. When used with respect to a person other than an individual or corporation, the words "identify" and "identity" means to state the official name or designation and address of each such person.

7.    When used with respect to a document, the words "identity" and "identify" mean to state the date of the document, the type of document (e.g., letter, memorandum, telegram, chart, photograph, plat, deed, sound reproduction, etc.), the author and addressee, the present location of the document, the custodian of the document and a description of the contents of the document.

8.    The terms "relate to" and "relating to" request everything which in any way explicitly or implicitly refers to, or could reasonably be construed to refer to, the subject matter of the each and every fact, circumstance and/or event relating to the event or events alleged in the Complaint filed in this action.

## INTERROGATORIES

1.   State your name and address and the name and address of anyone assisting you in answering these interrogatories.

2.   State the names, addresses, telephone numbers and occupations of each and every person with knowledge relevant to the allegations contained in Plaintiff's Complaint.

3.   For each person listed in the above interrogatory No. 2, provide a summary of the facts known to be relevant to the allegations in Plaintiff's Complaint.

4.   State the names, addresses and telephone numbers of each witness, either lay or expert that you will or may call at the trial in the case, giving a brief summary of their expected testimony.

5.   For any expert witness named in response to the previous interrogatory, provide the nature of their expertise and their opinion or basis of the same.

6.   State the nature and amount of each type of damages alleged suffered as a result of the allegations made in the complaint, the manner in which each type of damages was calculated, and identify any documentation in support of the calculations.

7.   What is the specific factual basis for your allegations that you suffered emotional distress?

8.   What is the specific factual basis for your allegations that you suffered loss of pay?

9.   What is the specific factual basis for your allegations that you suffered loss of job responsibilities?

10. What is the specific factual basis for your allegations that you suffered loss of business opportunities?

11. What is the specific factual basis for your allegations that the Defendant "engaged in a malicious prosecution in violation of your rights under the Fourth Amendment?"

12. What is the specific factual basis for your allegations that the Defendant "filed a malicious and false police report that resulted in you being arrested for loitering and engaged in solicitation?"

13.    What is the specific factual basis for your allegations "that you went through unnecessary anguish and grief that hurt you financially and healthwise?"

14.    Identify each specific person and instance supporting your allegations of malice and bad faith by the Defendant.

15.    What is the monetary amount of every expense including property loss and loss of employment and earnings, claimed by you to have been incurred as a result of the incident alleged in your Complaint?

    a. Produce for inspection and copying such documents, invoices, bills or attached a copy hereto.

    b. Specify all dates of employment and names of employers from February 21, 2000 to present.

16.    If you have filed a loss of wages claim with an insurance company or a claim for unemployment compensation, please state the name of the companies and the relevant policy numbers?

## REQUEST TO PRODUCE OF DOCUMENTS

The Defendant requests that the Plaintiff produce the following documents (see above definition of Documents).

1.  All correspondence and records, including but not limited to notes, documents, logs, diaries, electronic records, audio or video recordings, computer records or other documents relevant to the allegations contained in Complaint or identified in the answers to the preceding interrogatories, including all documents to be used as exhibits at trial, not otherwise privileged.

2.  For each expert identified or consulted, provide a copy of the expert's report, including all drafts, notes, correspondence, memorandum and documents.

Submitted by,

JULIA L. McNEIL (0043535)
City Solicitor

*Richard Ganulin/n*
Richard Ganulin (0025642)
Assistant City Solicitor
For Defendant City of Cincinnati
Room 214, City Hall
801 Plum Street
Cincinnati, Ohio 45202
Tel: (513) 352-3329
Fax: (513) 352-1515
E-mail: richard.ganulin@cincinnati-oh.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document and computer disk was served by certified US Mail delivery on Gradual Taylor, Pro Se, at 82383 Carrol Avenue, Cincinnati, Ohio 45231 this 15 th  day of February, 2006.

*Richard Ganulin*

Richard Ganulin
Trial Attorney for Defendant

## **VERIFICATION**

| | | |
|---|---|---|
| **STATE OF OHIO** | ) | |
| | ) | **SS:** |
| **COUNTY OF HAMILTON** | ) | |

_____, being duly sworn and cautioned, hereby certifies that the foregoing answers are true and accurate to the best of his knowledge.

_____
Gradual Taylor

Sworn to and subscribed in my presence this _____ day of February 2006.

_____
Notary Public

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MR GRADUAL TAYLOR
82383 CARROLL AVENUE
CINCINNATI OH 45231

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____   ☐ Agent
                     ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
                                  3-28-06

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:          ☐ No

3. Service Type
   ☑ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7003 2260 0004 8680 9241

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

---

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Post— —— — | | |

Sent To  MR GRADUAL TAYLOR
Street, Apt.  82383 CARROLL AVENUE
or PO Box
City, State.  CINCINNATI OH 45231

PS Form 38

7003 2260 0004 8680 9241

# City of Cincinnati



---

**Office** of City Solicitor

Room 214, City Hall
801 Plum Street
Cincinnati, Ohio 45202
Phone (513) 352-3334
FAX (513) 352-1515

*SENT VIA CERTIFIED MAIL*

J. Rita McNeil
*City Solicitor*

March 27, 2006

Mr. Gradual Taylor
82383 Carroll Avenue
Cincinnati, Ohio 45231

**RE:**   <u>**Gradual Taylor v. Cheryl Hart**</u>
         **Case No. 1:02CV446**

Dear Mr. Taylor:

This is to follow-up with your response to the Defendant's First Set of Interrogatories and Request for Production of Documents. The request was submitted to you on February 15, 2006. Your response is now past due, please advise us on when you will be submitting your answer to our request.

If you have any questions, please give us a call.

Sincerely yours,

Sonya M. Walker
Paralegal

cc:    Richard Ganulin

Equal Opportunity Employer



**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MR GRADUAL TAYLOR
82383 CARROLL AVENUE
CINCINNATI OH 45231

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X _____ ☐ Agent
            ☐ Addressee
B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☒ Certified Mail        ☐ Express Mail
   ☐ Registered            ☐ Return Receipt for Merchandise
   ☐ Insured Mail          ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)              ☐ Yes

2. Article Number
   (Transfer from service label)    7003 2260 0004 8680 9258

PS Form 3811, August 2001          Domestic Return Receipt          102595-02-M-1540

---

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Reciept Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage | |

Postmark
Here

7003 2260 0004 8680 9258

Sent To
MR GRADUAL TAYLOR
Street, Apt.
or PO Box N
82383 CARROLL AVENUE
City, State,
CINCINNATI OH 45231

PS Form 3800, June 2002          See Reverse for Instructions

# City of Cincinnati



---

Office of City Solicitor

Room 214, City Hall
801 Plum Street
Cincinnati, Ohio 45202
Phone (513) 352-3334
FAX (513) 352-1515

***SENT VIA CERTIFIED & U.S. MAIL***

J. Rita McNeil
*City Solicitor*

June 27, 2006

Mr. Gradual Taylor
82383 Carroll Avenue
Cincinnati, Ohio 45231

**RE:** **Gradual Taylor v. Cheryl Hart**
      **Case No. 1:02CV446**

Dear Mr. Taylor:

This is our second follow-up request to the Defendant's First Set of Interrogatories and Request for Production of Documents. This request was submitted to you on February 15, 2006. Your response is seriously past due. Please respond within the next 10 days or before July 7, 2006.

In the meantime, enclosed is the **Order** from Magistrate Timothy Black denying your request for protective order.

Sincerely yours,

Sonya M. Walker
Paralegal

cc:    Richard Ganulin

Enclosure

Equal Opportunity Employer

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GRADUAL TAYLOR,                      :        Case No. 1:02-cv-446
                                     :
            Plaintiff,               :        Weber, J.
                                     :        Black, M.J.
                                     :
vs.                                  :
                                     :
CHERYL HART,                         :
                                     :
            Defendant.               :        **ORDER**

This is a civil rights action in which *pro se* plaintiff Gradual Taylor seeks, *inter alia*, damages for an alleged unlawful arrest and prosecution without probable cause. The case is before the Court on a motion by plaintiff for an order limiting the scope of discovery by counsel for defendant Cheryl Hart. (Doc. 38.) Specifically, plaintiff asks the Court to place a limit on questioning by defendant's counsel about plaintiff's friends and business associates and about prior criminal cases against plaintiff which have been expunged. Counsel for defendant has filed a memorandum responding to the motion. (Doc. 40.)

In support of his motion, plaintiff argues that disclosure of information about the prior charges is protected by Ohio's expungement laws. He further argues that limits on discovery are necessary to protect him from undue embarrassment.

Defendant, by counsel, argues that the fact of plaintiff's arrest on the charges in question is a matter of public record; that she is allowed access under state law to records necessary to defend herself; and that, in any event, plaintiff has put the propriety of his

arrest on the charges into issue.

The Court construes the motion of plaintiff to be one for a protective order under

Fed. R. Civ. P. 26(c).

Rule 26 provides in pertinent part as follows:

> Upon motion by a party or by the person from whom discovery is sought,
> accompanied by a certification that the movant has in good faith conferred
> or attempted to confer with other affected parties in an effort to resolve the
> dispute without court action, and for good cause shown, the court . . . may
> make any order which justice requires to protect a party or person from
> annoyance, embarrassment, oppression, or undue burden or expense.

Fed. R. Civ. P. 26(c).

Plaintiff's motion is not well taken.

First, the motion is not accompanied by a certification that he has in good faith

conferred or attempted to confer with defendant's counsel in an effort to resolve this

dispute without court action. *See* Fed. R. Civ. P. 26(c); *see also* S.D. Ohio Civ. R. 37.2.

Second, contrary to plaintiff's assertions, Ohio expungement laws do not prohibit

the release of information to defendant. State law specifically provides that "[i]nspection

of the sealed records included in the order may be made . . . [b]y a law enforcement

officer who was involved in the case, for use in the officer's defense of a civil action

arising out of the officer's involvement in that case." Ohio Rev. Code Ann.

§ 2953.32(D)(4). *See In re T.F.K.*, 136 Ohio Misc. 2d 9, 13, 845 N.E.2d 591, 594 (Ohio

Ct. Com. Pl. 2005) ("[T]he Ohio expungement statute does not preclude inspection of

sealed records by certain law enforcement personnel.") (citing Ohio Rev. Code Ann.

-2-

§ 2953.32(D)).

On the other hand, plaintiff has articulated a particular and specific concern for the potential embarrassment that may result from publicizing, unnecessarily, the fact of his prior arrest. *See Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550 (6th Cir. 2004). Counsel for defendant, however, has offered his assurances that defendant Hart "has no need or desire to unnecessarily ostracize the plaintiff and will work with the plaintiff and the Court to protect plaintiff without unduly prejudicing her ability to defend the claims against her." (Doc. 40.)

Accordingly, plaintiff has not shown good cause for a protective order under Fed. R. Civ. P. 26(c) at this time.

Therefore, **IT IS HEREBY ORDERED THAT** the motion to limit discovery (Doc. 38) is **DENIED**.

**IT IS SO ORDERED.**


Date:  6/26/06                         s/Timothy S. Black
                                       Timothy S. Black
                                       United States Magistrate Judge

-3-