UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GRADUAL TAYLOR, | : | Case No. 1:02-cv-446 |
| Plaintiff, | : | Weber, J. |
| | : | Black, M.J. |
| vs. | : | |
| CHERYL HART, | : | |
| Defendant. | : | |

### REPORT AND RECOMMENDATION[1] THAT DEFENDANT'S MOTION TO DISMISS AND FOR SANCTIONS (Doc. 44) BE DENIED

This civil rights action is before the Court on a motion by Defendant Cheryl Hart for an order dismissing this case or, in the alternative, imposing monetary sanctions against Plaintiff Gradual Taylor pursuant to Fed. R. Civ. P. 37(b), (d). (Doc. 44.) As grounds for relief, Defendant states that Plaintiff refused to cooperate in discovery by failing to provide timely responses to interrogatories and requests for production of documents. In particular, she asserts that she sent discovery requests to Plaintiff on three occasions between February 15, 2006 and June 27, 2006. (*See id.*, att. 1.) Plaintiff admits that he did not respond to Defendant's request until after being served with a copy of the instant motion to dismiss. (*See* Doc. 45.)

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

## APPLICABLE LAW

Rules 37(b) and(d) of the Federal Rules of Civil Procedure authorize the district courts to impose sanctions, including monetary sanctions and dismissal, for unjustified noncompliance with discovery orders or rules. *See Dietrich v. Sun Exploration & Prod. Co.*, Nos. 92-1981, 93-1442, 1994 WL 108961, at *8 (6th Cir. Mar. 30, 1994) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980); *Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Penthouse Int'l Ltd. v. Playboy Enters. Inc.*, 663 F.2d 371, 386-88 (2d Cir. 1981)). The purpose of imposing sanctions is to "assure both future compliance with the discovery rules and to punish past discovery failures, as well as to compensate a party for expenses incurred due to another party's failure to properly allow discovery." *Bell v. Automobile Club of Michigan*, 80 F.R.D. 228, 229 (E.D. Mich. 1978), *cert. denied*, 442 U.S. 918 (1979).

Rule 37(d) provides that, when a party fails to serve answers or objections to interrogatories (as happened here), the court may make such orders as are just, including an order dismissing the action or imposing monetary sanctions, as provided in Rule 37(b)(2)(A), (B) or (C). *See* Fed. R. Civ. P. 37(d).

Additionally, Rule 37 provides that the court shall require a party failing to act to pay reasonable expanses and attorney's fees caused by the failure "unless the court finds that the failure was substantially justified or that circumstances make an award of expense unjust." Fed. R. Civ. P. 37(b), (d). "The provision places the burden on the disobedient party to avoid expenses by showing that his failure is justified or that special

circumstances make an award of expenses unjust." *General Envtl. Sci. Corp. v. Horsfall*, Nos. 92-4110 to -4114, 1994 WL 228256, at *14 (6th Cir. May 25, 1994) (*per curiam*), *cert. denied*, 513 U.S. 947 (1994).

Rule 37 further provides that "[t]he failure to act . . . may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order." *Id.*

When assessing whether to dismiss an action for failure to cooperate in discovery, the court generally considers four factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the failure to cooperate; (3) whether the party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *See Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-67 (6th Cir.), *cert. denied*, 522 U.S. 868 (1997).

## DISCUSSION

The motion for dismissal or for sanctions is not well taken.

Review of the record shows that, after first being served with Defendant's discovery requests in February 2006, Plaintiff filed a motion to limit discovery, which the Court construed as motion for a protective order. (*See* Docs. 38, 43.) On June 26, 2006, the motion to limit discovery was denied. In his memorandum in opposition to the present motion for sanction, Plaintiff states that he began working on his answers to the interrogatories after receiving the Court's ruling. (*See* Doc. 45.) He allegedly mailed his

responses to Defendant's requests on August 7, 2006, within eleven days of the Court's decision. (*See id.*)

The record does not establish that the alleged failure to cooperate is the result of willfulness or bad faith. *See* Fed. R. Civ. P. 37(b)(2). Any prejudice to Defendant resulting from the initial failure to respond has been ameliorated upon receipt of Plaintiff's responses. Moreover, the parties recently filed a joint motion to extend the discovery deadline, evidencing that the parties are working extrajudicially to resolve discovery disputes. (*See* Doc. 48.)

Dismissal is premature because Plaintiff has not been previously warned that a failure to cooperate could result in dismissal nor have lesser sanctions been considered or imposed.

Finally, the undersigned finds that Plaintiff has met his burden of showing that the delay in providing responses was substantially justified and that the circumstances make an award of expenses unjust.

**IT IS THEREFORE RECOMMENDED THAT** the motion to dismiss or for sanctions (Doc. 44) be **DENIED**.

Date:  2/22/07                                                             s/Timothy S. Black
                                                                           Timothy S. Black
                                                                           United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GRADUAL TAYLOR, | : | Case No. 1:02-cv-446 |
| | : | |
| Plaintiff, | : | Weber, J. |
| | : | Black, M.J. |
| | : | |
| vs. | : | |
| | : | |
| CHERYL HART, | : | |
| | : | |
| Defendant. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after being served with a copy thereof.  That period may be extended by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).