UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **GRADUAL TAYLOR,** | : | **CASE NO. C-1-02-446** |
| Plaintiff, | : | (Judge Weber) |
| | | (Magistrate Black) |
| v. | : | |
| **CHERYL HART,** | : | **POLICE OFFICER CHERYL HART'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| Defendant. | : | |

On the basis of additional authority issued since the Court first considered whether the plaintiff's sole remaining federal claim was, in fact, a malicious prosecution claim and whether it was barred by the two year statute of limitations, Police Officer Cheryl Hart moves the Court for partial summary judgment to dismiss the remaining claim against her.[1] Officer Hart cannot be liable for a summarily and erroneously alleged federal malicious prosecution claim. Furthermore, the statute of limitations related to the substance of her alleged culpable conduct began to run on the day of that conduct.

On February 21, 2000, Police Officer Hart was working with the vice unit as part of a prostitution sting. On that date she signed a Municipal Court complaint against the plaintiff Gradual Taylor ("Taylor") stating: "[P.O. Hart] was in plainclothes and [the plaintiff] Mr. Taylor drove up to her and stated 'Get in' after circling three times. He then stated 'I think you're the police' and circled two more times waving at her. He then sat across from P.O. 'watching her operation.'" The sole basis for Taylor's claim against Officer Hart is that she allegedly knew the complaint was false when it was filed on February 21, 2000. The

---

[1] Officer Hart believes this motion should dispose of the case. In the event it does not, she reserves the right to file a motion for summary judgment after the close of discovery.

complaint was Officer Hart's only involvement in Taylor's prosecution. Affidavit of Police Officer Cheryl Hart.

On August 11, 2005, the United States Court of Appeals for the Sixth Circuit affirmed this Court's ruling dismissing *Jorg v. City of Cincinnati, et al.*, 2005 WL 1916672. Citing earlier decisions, the Sixth Circuit reaffirmed that "<u>named defendants 'cannot be held liable for malicious prosecution when [they] did not make the decision to prosecute [the plaintiff].</u>'" *Jorg v. City of Cincinnati*, *supra*, (Emphasis added) citing *McKinley v. City of Mansfield*, 404 F.3d 418, 444 (6th Cir. 2005)(quoting *Skousen v. Brighton High Sch.*, 305 F.3d 520, 529 (6th Cir. 2002)). As the Sixth Circuit observed:

> In *Skousen*, the plaintiff sued a state trooper for malicious prosecution, alleging that he arrested her for assault without probable cause, which caused her to be prosecuted . . . . We noted that "[t]here is no evidence that [the trooper] made or *even was consulted* with regard to the decision to prosecute *Skousen* . . . . [T]here is no support for extending [federal malicious prosecution] liability to those governmental actors who merely urge prosecution, but who have no effect on the probable cause determination by the prosecutor.

*Jorg v. City of Cincinnati*, *supra* (emphasis in original).

Taylor's deposition corroborates the affidavit of Officer Hart. His claim against her is limited to what he believes was a wrongful arrest. Officer Hart was not, however, involved in Taylor's prosecution:

> A. [Plaintiff Taylor]. **** and a lot of that doesn't even have to do with Officer Hart. As soon as they knew that they had nothing, they should have just dropped it. But they went – they kept going forward with it.
> Q. [Attorney Ganulin] You're talking about the prosecutors?
> A. [Plaintiff Taylor] Yes . . . .

Taylor Deposition Transcript, p. 75.

The statute of limitations for the erroneously denominated "malicious prosecution" claim began to run on February 21, 2000, the day that Officer Hart signed the complaint and Taylor was arrested. The complaint in the case at bar was filed by Taylor on June 10, 2002, after the two year statute of limitations had run.

The complaint in the case at bar was not filed within two years of the alleged culpable conduct by Officer Hart. The outcome of the criminal prosecution against Taylor was irrelevant to the running of the statute of limitations against Officer Hart. As the *Jorg* case emphasized, she cannot be liable for the alleged culpable conduct of unnamed investigators or prosecutors who "kept going forward" with the case against Taylor. If Officer Hart had any culpability at all it was due to her alleged conduct on February 21, 2000.

In contrast to the case at bar, *Heck v. Humphrey*, 512 U.S. 477, 489-90(1994), indicates that a §1983 cause of action for damages attributable to <u>an unconstitutional conviction or sentence</u> does not accrue until the conviction or sentence has been invalidated. Taylor was not convicted or sentenced at all. His substantive complaint against Officer Hart alleges that without probable cause she signed a criminal complaint against him. The statute of limitations for that claim began to run on the day Officer Hart signed the complaint and Taylor was arrested.

There are no genuine issues of material fact that there is no malicious prosecution claim against Officer Hart. Furthermore, whatever claim Taylor raised against Officer Hart is barred by the statute of limitations. Therefore, Officer Hart requests that the Court grant this motion and dismiss the complaint against her.

Respectfully submitted

**JULIA L. MCNEIL**(0043535)
City Solicitor


*/s/ Richard Ganulin*
**RICHARD GANULIN** (0025642C)
Assistant City Solicitor
Room 214, City Hall
801 Plum Street
Cincinnati, Ohio 45202
Telephone: (513) 352-3329
Fax: (513) 352-1515
richard.ganulin@cincinnati-oh.gov

Counsel for Defendant


*/s/ Donald E. Hardin*
**DONALD E. HARDIN** (0022095)
**KIMBERLY A. RUTOWSKI** (0076653)
Hardin, Lefton, Lazarus & Marks, LLC,
915 Cincinnati Club Building
30 Garfield Place
Cincinnati, Ohio 45202-4322
Telephone: (513) 352-721-7300
Fax: (513) 721-7008
donhardin@hllmlaw.com
krutowski@hllmlaw.com

Special Counsel for Police Officer
Cheryl Hart

## CERTIFICATE OF SERVICE

      I hereby certify a true and accurate copy of the foregoing Police Officer Cheryl Hart's Motion For Partial Summary Judgment was filed electronically this <u>1st</u> day of March, 2007. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed to those parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

                    /s/ Richard Ganulin
                    RICHARD GANULIN (0025642-C)
                    Assistant City Solicitor

JLM/RG/(chs)
(Police) Taylor - Hart's PMSJ 0207-RG