UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GRADUAL TAYLOR, | : | Case No. 1:02-cv-446 |
| | : | |
| Plaintiff, | : | Weber, J. |
| vs. | : | Black, M.J. |
| | : | |
| CHERYL HART, | : | |
| | : | |
| Defendant. | : | **ORDER** |

This civil rights action is before the Court on a motion by Defendant Cheryl Hart, pursuant to Fed. R. Civ. P. 45(e), requesting the Court to issue an Order of Contempt against Ms. Sheila Taylor and to require her to appear for her continued deposition (Doc. 60). Ms. Taylor, a nonparty, has not responded to the motion for an Order of Contempt. Plaintiff Gradual Taylor, however, has filed a *pro se* motion to stay the litigation to allow him time to acquire an attorney (Doc. 57) and opposes the imposition of sanctions against Ms. Taylor, who is his wife.

Also pending is a motion by Defendant for partial summary judgment. (Doc. 59.) Plaintiff has not responded to the motion.

## I. DISCUSSION

### A.

In support of her motion for an Order of Contempt, Defendant alleges that a *subpoena duces tecum* was served on Ms. Taylor to appear at a continuation of her deposition on February 28, 2007, and to bring such financial records as were available with her, and that Ms. Taylor failed to appear.

Rule 45(e) provides that "[f]ailure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued." Fed. R. Civ. P. 45(e).

The Court has the power under this rule to impose contempt on the basis of failure to comply with a subpoena. *See Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1364 (2d Cir. 1991). However, in order to impose sanctions on a nonparty, violation of a court order is generally required in addition to the failure to comply with the subpoena. *See, e.g., Cruz v. Meachum*, 159 F.R.D. 366, 368 (D. Conn.1994) ("Before sanctions can be imposed under [FRCP] 45(e), there must be a court order compelling discovery."). Because the Court had not previously ordered Ms. Taylor to respond to the notice for deposition, the imposition of a sanction is not warranted.

The imposition of a sanction against Plaintiff also is not warranted. "[A] party may be sanctioned for a non-party witness' failure to testify under two provisions: (1) under Rule 37(a), where the witness who has been designated to testify defies a court order compelling the deposition; and (2) under rule 37(d), where a witness designated to testify as to specific matters fails to appear for the deposition after being served with proper notice." *Magee v. Paul Revere Life Ins. Co.*, 178 F.R.D. 33, 38 (E.D.N.Y. 1998); *see also PrecisionFlow Tech., Inc. v. CVD Equip. Corp.*, 198 F.R.D. 33, 37-38 (N.D.N.Y. 2000) ("[S]anctions may be imposed upon a party . . . under Rule 37(d) for the nonappearance of a witness . . . if the party assumed responsibility for the appearance of the witness at the deposition.").

Plaintiff does not dispute Defendant's assertion that he designated Ms. Taylor to testify on the subject of his financial records. He explains, however, that she was afraid to go downtown alone to the deposition, and that he was unavailable on February 28, 2006 to accompany her. Aside from this assertion, there is no support in the record for finding that Plaintiff had assumed responsibility for Ms. Taylor's appearance at the deposition.

While the Court does not condone Ms. Taylor's failure to appear and the apparent failure on the part of both Plaintiff and Ms. Taylor to reschedule the deposition for a more convenient time, the undersigned finds that the conduct at issue here is not sanctionable.

**B.**

On February 27, 2007, Plaintiff filed a motion to stay all proceedings for three months to allow him time to retain counsel. He stated in particular that he seeks the assistance of counsel in responding to the deposition notice and *subpoena* which were issued to Ms. Taylor. More than three months have passed since the filing of that motion – and more than five years have passed since the lawsuit was filed. Plaintiff has had an adequate opportunity to contact prospective counsel. His request for a further stay of the litigation is not well-taken.

## C.

Also pending is Defendant's motion for partial summary judgment. (Doc. 59.) Defendant seeks dismissal of Plaintiff's underlying claim of malicious prosecution on the ground that she is not liable for the alleged violation because she did not make the decision to prosecute. *See Jorg v. City of Cincinnati*, 145 Fed. Appx. 143, 148 (6th Cir. 2005) (citing *McKinley v. City of Mansfield*, 404 F.3d 418, 444 (6th Cir. 2005), *cert. denied*, 126 S. Ct. 1026 (2006); *Skousen v. Brighton High Sch.*, 305 F.3d 520, 529 (6th Cir. 2002)). Defendant states further that if the motion were granted, it would be dispositive of the litigation.

No response to the motion for partial summary judgment has yet been filed in this case, even though more than twenty-one days have passed since the service date, March 1, 2007, referenced in the motion. *See* S.D. Ohio Civ. R. 7.2(a)(2) (providing that an opposition memorandum "shall be served and filed within twenty-one (21) days from the date of service set forth in the certificate of service attached to the Motion.").

Plaintiff, therefore, is **ORDERED TO SHOW CAUSE**, in writing and within **FIFTEEN (15) DAYS** of the filing date of this Order, why Defendant's motion for partial summary judgment should not be construed as unopposed and granted for the reasons stated in the motion. *See Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404-05 (6th Cir. 1992) (holding that a district court properly relies upon the facts provided by a moving party when a motion for summary judgment goes unopposed).

## II. CONCLUSION

For the reasons stated above, **IT IS HEREIN ORDERED THAT:**

1. Defendant's motion for an Order of Contempt based on Ms. Taylor's failure to appear for a follow-up deposition on February 28, 2007 (Doc. 60) is **GRANTED in part and DENIED in part**. Ms. Taylor is **ORDERED** to appear for the conclusion of her deposition. Plaintiff and Ms. Taylor **SHALL CONFER** with defense counsel to schedule and conduct the continued deposition in an efficient and convenient manner;

2. Plaintiff's motion for a stay of the litigation (Doc. 57) is **DENIED**;

3. Plaintiff is **ORDERED TO SHOW CAUSE**, in writing and within **FIFTEEN (15) DAYS** of the filing date of this Order, why Defendant's motion for partial summary judgment should not be construed as unopposed and granted for the reasons stated in the motion.

   **IT IS SO ORDERED.**

Date:  6/29/07                                       s/Timothy S. Black
                                                                         Timothy S. Black
                                                                         United States Magistrate Judge