NIXIE         450  5E  1      25  03/10/08
RETURN TO SENDER
UNCLAIMED
UNABLE TO FORWARD

BC: 45202997699         *0915-05893-25-44

OFFICIAL BUSINESS

016H26506354

Hasler **$05.38**
02/26/2008
Mailed From 45202
US POSTAGE

7007 1490 0001 0562 7070

**Gradual Taylor**
8283 Carrol Avenue
Cincinnati, OH 45231

45231355098...   45202039

---

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____  ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>**Gradual Taylor**<br>8283 Carrol Avenue<br>Cincinnati, OH 45231 | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☐ Certified Mail  ☐ Express Mail<br>☐ Registered     ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number  7007 1490 0001 0562 7070<br>(Transfer from service label) | 02-746 #7f |
| PS Form 3811, February 2004   Domestic Return Receipt | 102595-02-M-1540 |

**Gradual Taylor**
8283 Carrol Avenue
Cincinnati, OH 45231

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GRADUAL TAYLOR, | : | Case No. 1:02-cv-446 |
| | : | |
| Plaintiff, | : | Weber, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| P.O. CHERYL HART, | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) DEFENDANT P.O. CHERYL HART'S MOTION FOR PARTIAL SUMMARY JUDGMENT (Doc. 59) BE CONSTRUED AS A MOTION FOR SUMMARY JUDGMENT AND GRANTED; AND (2) THIS CASE BE CLOSED**

This is a civil rights action in which *pro se* Plaintiff Gradual Taylor seeks, *inter alia*, damages for an alleged arrest and prosecution without probable cause. (*See* Doc. 2.) Defendant P.O. Cheryl Hart seeks partial summary judgment on Plaintiff's malicious prosecution claim against her. (*See* Doc. 59.)

**I. BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff initiated this action by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983 against the City of Cincinnati Police and an individual police officer, Defendant Hart. (Doc. 2.) Plaintiff alleges that the officer purposely filed a malicious and false police report that led to his arrest on a charge of loitering to engage in solicitation. (*Id.* at p. 5). The charge was later dismissed. (*Id.* at p. 6). Plaintiff claims nonetheless that he

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

went through unnecessary anguish and grief and that he suffered financially and healthwise. (*Id.*)

Defendant filed a motion to dismiss the complaint as barred by the one-year statute of limitations that is applicable to state law claims of false arrest and malicious prosecution, as well as by the two-year statute of limitations that applies to § 1983 claims. (*See* Doc. 6.)

The matter was referred to a magistrate judge who recommended that the motion be granted in part and denied in part. (Doc. 14.) The magistrate judge determined that the state law claims and any federal Fourth Amendment claims based on false arrest and imprisonment were barred by the applicable statutes of limitation. (*Id.*) The magistrate judge also determined, however, that the federal claim of malicious prosecution was timely. (*See id.*) The Report and Recommendation was adopted by the district court; and Plaintiff's state law claims and his federal claims for false arrest and imprisonment were dismissed. (Doc. 18.)

Defendants filed a subsequent motion to dismiss the remaining claims on the grounds that: (1) Defendant City of Cincinnati Police was not a proper defendant; (2) if the claim against the City of Cincinnati Police were construed as one brought against the City of Cincinnati, Plaintiff failed to allege sufficient facts to state a claim upon which relief could be granted; and (3) the individual officer was entitled to qualified immunity. (*See* Doc. 15.)

The magistrate judge issued a Report and Recommendation that the motion be granted as to Defendant City of Cincinnati Police and that the individual officer's assertion of qualified immunity be denied. (Doc. 24.) The district court adopted the recommendation and claims against Defendant City of Cincinnati Police (and the City of Cincinnati) were dismissed. (Doc. 29.)

The officer filed an interlocutory appeal from order denying qualified immunity. (*See* Doc. 30.) A panel of the Court of Appeals for the Sixth Court affirmed the district court's decision and remanded the matter for further proceedings. *Taylor v. Hart*, No. 04-3419 (6th Cir. Jul. 19, 2005) ( Doc. 33).

This case is now before the Court on to Defendant's motion for partial summary judgment to which Plaintiff has replied. (Docs. 59, 70.).

For the reasons that follow, the motion should be construed as a motion for summary judgment and granted, and this case should be closed.

## II. STANDARD OF REVIEW

Summary judgment is proper if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the governing substantive law, might affect the outcome of the action. *Anderson*, 477 U.S. at 248. All facts and inferences must be construed in a light most

favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In response to a properly supported motion, the nonmoving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989); *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). Conclusory allegations are not sufficient to defeat a properly supported summary judgment motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990) (citing *Patterson v. General Motors Corp.*, 631 F.2d 476, 482 (7th Cir. 1980), *cert. denied*, 451 U.S. 914 (1981)).

The Court's function is not to weigh the evidence and determine the truth of the matters asserted but to determine if there is a genuine issue of material fact for trial. *Anderson*, 477 U.S. at 249. The Court is not duty bound to search the entire record in an effort to establish a lack of genuinely disputed material facts. *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404 (6th Cir. 1992); *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied sub nom. Superior Roll Forming Co. v. Interroyal Corp.*, 494 U.S. 1091 (1990). Rather, the burden is on the nonmoving party "to present affirmative evidence to defeat a properly supported motion for summary judgment," *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989), and to designate specific facts in dispute. *Anderson*, 477 U.S. at 250; *Guarino*, 980 F.2d at 404-05.

## III. DISCUSSION

Defendant's motion for partial summary judgment should be construed as a motion for summary judgment because it addresses the sole remaining claim (*see* Doc. 18) and because she is the only remaining defendant (*see* Doc. 29). The motion should be granted because there are no genuine issues of material fact, and Defendant is entitled to judgment as a matter of law.

The material issues are not in dispute. On February 21, 2000, Defendant was working with the Cincinnati vice unit as part of a prostitution sting and, in that capacity, was posing as a prostitute. Plaintiff was driving around in the area of the sting and, while briefly stopped, had a conversation with her. Plaintiff and Defendant dispute which party approached the other or initiated the conversation, how many times they might have spoken, and what was said. Nonetheless, it is undisputed that, based on her own version of the events, Defendant filed a criminal complaint that led to Plaintiff's arrest on the charge of loitering to engage in solicitation. The criminal charge was later dismissed.

The parties' disputes about the events are not genuine because they do not affect the outcome of the case. *See Anderson*, 477 U.S. at 248.

In evaluating a malicious prosecution claim, the court must look for evidence that the defendant was involved in the decision to prosecute. *See McKinley v. City of Mansfield*, 404 F.3d 418, 444 (6th Cir. 2005); *Skousen v. Brighton High Sch.*, 305 F.3d 520, 529 (6th Cir. 2002). In the Sixth Circuit, a police officer may not be held liable for malicious prosecution when she did not make the decision to prosecute. *See McKinley*,

404 F.3d at 444; *Skousen*, 305 F.3d at 529 (6th Cir. 2002).

Plaintiff has not presented any evidence either by way of facts or exhibits that Defendant participated in the decision to prosecute him on the loitering to engage in solicitation charge. He has acknowledged, moreover, that the decision to prosecute rested with others. In his deposition he stated:

> [I]t was just very hard on me, and it didn't have to have been that way. It could have – and a lot of that doesn't even have to do with Officer Hart. As soon as they knew that they had nothing, they should have dropped it. But they went – they kept going forward with it.
>
> Q. You're talking about the prosecutors?
>
> A. Yes.

(Doc. 59, att. at p. 5.)

The evidence at most shows that Defendant was involved in the decision to have Plaintiff arrested. Defendant admits that she signed the criminal complaint. (*See* Doc. 59, att. at p. 2, ¶ 7.) In Plaintiff's memorandum in opposition to the motion for summary judgment, Plaintiff also contends that Defendant made up her version of the events in order "to have him arrested." (Doc. 70 at p. 1.)

As the Supreme Court has noted, a false arrest claim is distinct from a malicious prosecution claim. *See Wallace v. Kato*, 127 S. Ct. 1091, 1096 (2007). Although Plaintiff's allegations may have supported a claim for false arrest – which is barred in this case by the statutes of limitations (*see* Doc. 18) – they are not evidence and do not establish a genuine issue of material fact with respect to his claim of malicious prosecution.

-6-

## IV. CONCLUSION

Defendant Hart seeks partial summary judgment dismissing Plaintiff's claim of malicious prosecution in violation of his federal constitutional rights. Because this is the only claim remaining in this case (*see* Doc. 18) and because she is the only remaining defendant (*see* Doc. 29), the motion should be construed as a motion for summary judgment.

For the reasons stated above, Defendant has met her burden of showing the absence of any genuine issues of material fact and that she is entitled to judgment as a matter of law on the only remaining claim of malicious prosecution. Plaintiff has not come forward with any evidence to establish the presence of genuinely disputed material facts as to this claim.

Therefore, **IT IS RECOMMENDED THAT** Defendant's motion for partial summary judgment (Doc. 59), construed as a motion for summary judgment, be **GRANTED**. As there are no further matters pending this Court's review, this case should be **CLOSED**.

Date: 2/26/08                                           s/Timothy S. Black
                                                        Timothy S. Black
                                                        United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GRADUAL TAYLOR, | : | Case No. 1:02-cv-446 |
| | : | |
| Plaintiff, | : | Weber, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| P.O. CHERYL HART, | : | |
| | : | |
| Defendant. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after being served with a copy thereof. That period may be extended by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).