# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

GRADUAL TAYLOR,

        Plaintiff,                        Case No. 1:02-cv-446

      vs.                                Weber, J.
                                           Black, M.J.

P.O. CHERYL HART,

        Defendant.

## REPORT AND RECOMMENDATION[1] THAT PLAINTIFF'S MOTION OPPOSING DISMISSAL AND TERMINATION OF CASE (DOC. 87) BE DENIED

This civil action is before the Court Plaintiff's "Motion opposing dismissal and termination of case for summary judgment" (Doc. 87) and Defendant's memorandum *contra* (Doc. 88).

The undersigned issued a Report and Recommendation on February 26, 2008 recommending that Defendant's motion for summary judgment be granted and this case closed. (Doc. 74) The Report and Recommendation was sent by certified mail to Plaintiff at 8283 Carrol Avenue, Cincinnati, Ohio 45231 and was returned "Unclaimed" by the United States Postal Service on March 20, 2008 (Doc. 75). The Court's Order (Doc. 76) and Judgment (Doc. 77) were entered March 31, 2008. On April 8, 2008, Plaintiff filed a Motion against Summary Judgment (Doc. 80), and the Court vacated its previous Order (Doc. 76) and reinstated the case to the active docket.

Plaintiff was then granted until October 31, 2008 in which to file his response

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

and/or objection to the Report and Recommendation (Doc. 80). The Court's Order was mailed via Certified and Regular mail to the Plaintiff at 6410 Red Bank Rd. Cincinnati, Ohio 45213. On October 15, 2008, the Court's Order was returned as "Undeliverable" and resent by the Clerk of Courts via Regular and Certified mail to 6410 Red Bank Road, Cincinnati, Ohio 45213 (Doc. 81). An acknowledgment of Service was Executed by Plaintiff on October 20, 2008 (Doc. 83).

Plaintiff did not file a response or objection to the Report and Recommendation, and on July 14, 2009, the Court entered an Order adopting the Report and Recommendation that Defendant's motion for summary judgment be granted and this case dismissed and terminated on the docket (Doc. 84).

Thereafter, on July 20, 2009, Plaintiff filed the instant motion opposing dismissal and termination of case (Doc. 87). Defendant Hart, however, maintains that Plaintiff's motion is "futile, out-of-time, and otherwise insufficient as a matter of law" (Doc. 88). The undersigned agrees.

As noted above, this case was reinstated in order to give Plaintiff an opportunity to file objections to the Report and Recommendation. Plaintiff failed to timely comply with the Order, and the record indicates that he was served with the Order on October 20, 2009. Moreover, the Court waited nearly nine months without a responsive filing by Plaintiff before adopting the Report and Recommendation.

Accordingly, the undersigned RECOMMENDS that Plaintiff's Motion opposing dismissal and termination of case for summary judgment (Doc. 87) be DENIED.


Date: December 3, 2009                              s/Timothy S. Black
                                                    Timothy S. Black
                                                    United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GRADUAL TAYLOR,

        Plaintiff,

    vs.

P.O. CHERYL HART,

        Defendant.

Case No. 1:02-cv-446

Weber, J.
Black, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **14 DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).